IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES FENNELL,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF PORTERDALE,<br><br>    Defendant. | CIVIL ACTION NO.<br><br>1:17-CV-02312-TWT-CMS |

### FINAL REPORT AND RECOMMENDATION

This matter is before the Court on Defendant City of Porterdale's Motion to Dismiss, or in the Alternative, Motion to Compel Discovery and Request for Sanctions seeking, among other things, that the case be dismissed for Plaintiff's failure to effect service of process. [Doc. 8]. For the reasons discussed below, I recommend that the motion to dismiss be granted and that the claims against Defendant be dismissed without prejudice for failure to effect service of process.

### I.   BACKGROUND

This matter arises in connection with Plaintiff James Fennell's termination from his employment as a police officer with Defendant in August 2016. Plaintiff, who is proceeding pro se, alleges that the reason given for his termination was the fact that Plaintiff reported to work under the influence of alcohol. [Doc. 1

("Compl.") at 3, 7]. Plaintiff alleges that other police officers who engaged in similar conduct were not reprimanded or were permitted to voluntarily resign so as not to adversely impact their ability to find new employment. [Id. at 3, 7-8]. Plaintiff claims that he was terminated because of his race. [Id. at 2, 7].

Plaintiff initiated the instant lawsuit on June 20, 2017, alleging a claim of race discrimination in violation of Title VII of the Civil Rights Act of 1964. [Doc. 1]. Although Plaintiff did not serve Defendant with the Complaint, Defendant filed an answer on July 11, 2017. [Doc. 2]. Defendant also filed its portion of the Preliminary Report and Discovery Plan and served discovery. [Docs. 5, 7]. On October 26, 2017, Defendant filed the pending motion arguing, among other things, that Plaintiff's Complaint should be dismissed because Defendant has not been served with process. [Doc. 8]. Alternatively, Defendant argues that Plaintiff should be compelled to respond to discovery and be sanctioned. [Id.]. Plaintiff has not submitted a response to the motion, and the time for doing so has now passed. Under Local Rule 7.1(B), a party's failure to file a response to a motion indicates that there is no opposition to the motion. See LR 7.1(B), NDGa. Therefore, Defendant's pending motion to dismiss is deemed unopposed. Id. An unopposed motion, however, does not mean that the moving party automatically prevails; rather, the Court is still required to consider the merits of the motion. See Giummo

v. Olsen, 701 F. App'x 922, 925 (11th Cir. 2017).  Accordingly, I have reviewed the content of Plaintiff's Complaint as well as the merits of the arguments raised in Defendant's motion to dismiss.  The motion is now ripe for consideration.

## II.   DISCUSSION

The Federal Rules of Civil Procedure specify that the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m).  See Fed. R. Civ. P. 4(c)(1).  Rule 4(m) states, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  "When service of process is challenged, the burden of establishing its validity falls upon the party obligated to make the service." Nickens v. Jarvis & Cohen, Inc., Civ. No. 1:14-CV-1631-TWT, 2015 WL 630446, at *2 (N.D. Ga. Feb. 12, 2015) (internal citations omitted).  A litigant's pro se status does not relieve him of the obligation to comply with the procedural rules of the court.  See Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990).  Under Rule 12 of the

3

Federal Rules of Civil Procedure, a defendant must raise any challenge to the sufficiency of service of process in the first response to the plaintiff's complaint; i.e., the defendant must include the defense in either its motion to dismiss, or if no motion is filed, then the defense must be included in the defendant's answer. See Fed. R. Civ. P. 12(b), (h); see also Hemispherx Biopharma, Inc. v. Johannesburg Consol. Inv., 553 F.3d 1351, 1360 (11th Cir. 2008).

It is evident from the docket that, to date, Plaintiff has not filed a return of service to indicate that Defendant was served with the Complaint and summons. Defendant has not waived the defense of insufficient service of process, because it raised the defense in its answer [Doc. 2 at 3] and subsequently filed its motion to dismiss based on Plaintiff's failure to effect service of process [Doc. 8].  See Fed. R. Civ. P. 12(b), (h); Walker v. Firestone, Civ. No. 2:07-CV-0105-RWS, 2008 WL 2744391, at *3 n.2 (N.D. Ga. July 11, 2008) (granting motion to dismiss for insufficient service of process where defendant moved to dismiss shortly after filing answer that preserved the defense); Myers v. Citigroup, Inc., Civ. No. 1:14-CV-00968-ELR-ECS, 2015 WL 12856451, at *10 (N.D. Ga. Feb. 3, 2015) (finding that defendant did not waive the defense of insufficient service of process where it raised the defense in its answer).  Some courts have refused to dismiss cases on the basis of insufficient service of process where the defendant actively engaged in

discovery and the delay in asserting the defense would prejudice the plaintiff. See, e.g., Rent v. Swift Transp. Co., Inc., 185 F.R.D. 693, 701 (M.D. Ga. 1998). But that is not the case here. Although Defendant waited three months after answering to assert the defense by motion, there is no indication that Plaintiff participated in the case during that period. I find nothing inequitable about permitting Defendant to move to dismiss on the basis of insufficient service of process roughly three months after filing its answer, especially in light of the fact that Plaintiff did not make any attempt to either perfect service or oppose the motion to dismiss.

Plaintiff has failed to serve Defendant with process within the time limits set forth in Rule 4(m). More than 90 days have passed since Plaintiff filed the Complaint on June 20, 2017. There is no indication that Plaintiff attempted to serve Defendant or that Defendant waived service as permitted under Rule 4(d). Moreover, in failing to respond to Defendant's motion, Plaintiff has failed to provide any explanation as to why he failed to properly serve Defendant.

Under the circumstances presented in this case, Plaintiff's status as a pro se litigant, standing alone, does not warrant an extension of time to perfect service. See Nelson v. Barden, 145 F. App'x 303, 311 n.10 (11th Cir. 2005) (unpublished) (dismissing pro se litigant's case for failure to effect timely service of process because "a [party's] *pro se* status in civil litigation generally will not excuse

5

mistakes he makes regarding procedural rules"); see also Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999) (holding that liberal construction of the pleading requirements for pro se litigants does not equate with liberal deadlines).

Based on these facts, the pending motion to dismiss for failure to effect service of process should be granted.  See Anderson v. Osh Kosh B'Gosh, 255 F. App'x 345, 348 (11th Cir. 2006) ("[W]e conclude that the district court did not commit reversible error in *sua sponte* dismissing [plaintiff's] complaint for failure to effect timely service of process, pursuant to Rule 4(m)."); Ojelade v. Coleman, 258 F. App'x 257, 258 (11th Cir. 2007) ("[T]he district court did not abuse its discretion in *sua sponte* dismissing the case under Rule 4(m) because [plaintiff] did not follow the requirements of Rule 4.").[1]

---

[1] I have not addressed the arguments in the motion concerning Plaintiff's failure to respond to discovery and Defendant's request for sanctions, because in the absence of proper service, this Court does not have jurisdiction over the claims. If service of process is found to be insufficient, it is improper for the district court to reach the merits in the case.  See Hargon v. Homeward Residential, Inc., Civ. No. 1:12-CV-3425-CC-AJB, 2013 WL 12200654, at *6 (N.D. Ga. July 26, 2013) (citing Jackson v. Warden, FCC Coleman-USP, 259 F. App'x 181, 182-83 (11th Cir. 2007)); see also Kabbaj v. Obama, 568 F. App'x 875, 881 (11th Cir. 2014) ("Because [the plaintiff] did not properly serve [the defendants], the district court lacked jurisdiction to dismiss the [claims] against them with prejudice.").

### III.   CONCLUSION

For the reasons stated, I **RECOMMEND** that Defendant's Motion to Dismiss, or in the Alternative, Motion to Compel Discovery and Request for Sanctions [Doc. 8] be **GRANTED IN PART**.  I recommend that Defendant's motion to dismiss be granted and that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** in its entirety.  I also recommend that Defendant's motion to compel discovery be **DENIED AS MOOT**.  All other pending motions should also be **DENIED AS MOOT**.

**SO REPORTED AND RECOMMENDED**, this 31st day of January, 2018.

_____
Catherine M. Salinas
United States Magistrate Judge